NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50417 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 8:11-cr-00288-CJC-1 |
| NADIM NICK SAIFAN, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted December 8, 2016[**]
Pasadena, California

Before: NGUYEN and OWENS, Circuit Judges, and KORMAN,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Defendant Nadim Nick Saifan Jr. ("Saifan") appeals the 48-month sentence he received following his convictions on two counts of tax evasion in violation of 26 U.S.C. § 7201.[1]  As the parties are familiar with the facts, we do not recount them here.  We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

Under U.S. Sentencing Guidelines Manual § 2T1.1, courts may consider a defendant's unclaimed tax deductions in estimating the tax loss for sentencing purposes if, among other factors, the deductions are "reasonably and practicably ascertainable."  § 2T1.1 cmt. n.3.  The defendant bears the burden of establishing any unclaimed deductions by a preponderance of the evidence.  *Id.*

Saifan contends that the district court erred by not crediting unclaimed business expenses incurred by his company, Defense Logistical Support & Services Corporation ("DLSS"), in calculating the tax loss.  Not so.  Although Saifan plausibly argues that DLSS incurred *some* legitimate business expenses in the course of its performance on numerous contracts, he provided no invoices, bank statements, or any other documentation establishing what those expenses actually were.  Nor does he point to a reliable method for the district court to reasonably approximate those expenses—an especially onerous task given that

---

[1] The motion for leave to transmit the physical exhibit, App. Dkt. 17, is DENIED.

DLSS operated as a cash business in wartime Iraq. Accordingly, the district court did not err in finding that DLSS's unclaimed business expenses were not "reasonably and practicably ascertainable," and therefore excluding them from its tax loss calculation.

**AFFIRMED.**